JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1335 JGB (SHKx)** | Date | February 17, 2022 |
|---|---|---|---|
| Title | *David Lopez v. M and A Gabaee, et al.* | | |

Present: The Honorable  **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   Order DISMISSING Plaintiff's Complaint for Failure to Prosecute (IN CHAMBERS)**

On July 6, 2020, Plaintiff David Lopez filed a complaint against Defendants M and A Gabaee and Does 1 through 10.  (Dkt. No. 1.)  Mr. Lopez failed to file a proof of service to demonstrate he had served the summons and complaint on Defendants within 90 days after the complaint was filed.  Fed. R. Civ. P. 4(m).  Nor have Defendants answered the complaint within 21 days after service.  Fed. R. Civ. P. 12(a)(1).  On February 2, 2022, the Court ordered Mr. Lopez to show cause in writing on or before February 14, 2022, why this action should not be dismissed as to the applicable defendants for lack of prosecution.  (Dkt. No. 10.)  Mr. Lopez has failed to comply with the Court's order.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 42(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, Mr. Lopez has failed to respond to the Court's order to show cause and otherwise failed to prosecute this case with reasonable diligence.  Accordingly, the Court DISMISSES Plaintiff's action for failure to prosecute and DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**